1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    SABLE SMITH,

9                        Plaintiff,              CASE NO.  C18-1672RSL

10                  v.

11                                               ORDER REQUIRING MORE
     NICCOLLAS BLACKWELL,                        DEFINITE STATEMENT
12

13                        Defendant.

14

15          On November 28, 2018, plaintiff's application to proceed *in forma pauperis* was

16   granted and her complaint was accepted for filing. The complaint alleges that the Court

17   has diversity jurisdiction and that plaintiff is a citizen of Michigan, defendant is a citizen

18   of Georgia, and the amount in controversy is $1,000,000. Based on those allegations,

19   this district does not appear to be the proper venue for plaintiff's civil action. The

20   relevant portions of 28 U.S.C. § 1391(b) provide that a civil action may be brought in

21   the judicial district where defendant resides or where a substantial part of the events

22   giving rise to the claim occurred. There does not appear to be any tie between the

23   Western District of Washington and either the parties or the claims.

24          In addition, plaintiff's complaint does not give rise to a plausible inference that

25   plaintiff is entitled to relief. Plaintiff alleges that defendant is a government employee

26   and that she deserves "justice for the cruel and painful things that have happened to me

by the defendant for I don't know how long including stalking." Dkt. # 3 at 2 and 5. The complaint contains nothing more than conclusory allegations from which one might infer that defendant invaded plaintiff's privacy, stalked, emotionally abused, and threatened her, and deprived her of physical and mental health. There are no factual allegations supporting these accusations: no indication of the relationship between defendant and plaintiff (*i.e.*, how and why they came into contact) or what defendant did to invade plaintiff's privacy or otherwise harass her. It is entirely possible, based on the bare allegations provided, that plaintiff is complaining about a police investigation or an adverse social security determination or any number of other lawful instances in which the government inserts itself into the lives of its citizens in sometimes invasive ways. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Absent a plausible claim and/or facts that suggest such a claim, plaintiff's complaint fails to satisfy this test.

For all of the foregoing reasons, the Court declines to issue summons in this matter. Plaintiff is hereby ORDERED to file on or before **January 8, 2019**, an amended complaint which clearly and concisely states facts showing that venue is proper in this district under 28 U.S.C. § 1391 (or any other venue statute) and identifies the acts of which Mr. Blackwell is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts that one could conclude that plaintiff has a right to relief that is as least plausible. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that shows that venue is proper and asserts a plausible claim for relief will result in dismissal of this action.

1         The Clerk of Court is directed to place this Order Requiring More Definite

2    Statement on the Court's calendar for consideration on Friday, January 11, 2019.

3

4         Dated this 29th day of November, 2018.

5    _Mr S Lasnik_____
     Robert S. Lasnik

6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26